UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA – CEDAR RAPIDS DIVISION

| | |
|---|---|
| KEVIN WYMORE,<br>    Plaintiff,<br>v.<br><br>CITY OF CEDAR RAPIDS, IOWA, and TIFFANY O'DONNELL, Mayor of the City of Cedar Rapids, Iowa, in her individual and official capacities.<br>    Defendants. | No. 1:22-CV-66<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |

### I. The term "identify as a person of color" is used interchangeably with "person of color."

The Court asked the parties to file a supplemental brief regarding *E.L by White* v. *Voluntary Interdistrict Choice Corporation*, 864 F.3d 932 (8th Cir. 2017). The case illustrates that discrimination by racial self-identification is legally indistinguishable from discrimination by race. *Id.* at 936 ("But Gateway's policy also differentiates based on race: 'If address is not found on the city site or the zip code is not listed above and the student identifies as African-American, you cannot enroll the student.'") The Eighth Circuit did not pause to consider whether discriminating against a student because he "identifies as African-American" was anything other than discrimination because of race. Normal language usage properly joins the two concepts. See *Doe* v. *Blake School*, 310 F.Supp.3d 969, 973 (D.Minn. 2018) ("Blake stresses its commitment to pluralism,

1

noting that 30% of its students identify as students of color and 22% of its students receive financial aid…[a]ccording to Doe, however, only 1.7% of Blake's upper school students are African-American males.")

The city's claim that discrimination because of a person's racial self-identification is not race discrimination is plainly an after-the-fact rationalization of its policy.

Respectfully submitted,

/s/ Alan R. Ostergren
**Alan R. Ostergren**
President and Chief Counsel
THE KIRKWOOD INSTITUTE, INC.
500 Locust Street, Suite 199
Des Moines, Iowa 50309
(515) 207-0134
alan.ostergren@kirkwoodinstitute.org