# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA – CEDAR RAPIDS DIVISION

| | |
|---|---|
| KEVIN WYMORE,<br><br>    PLAINTIFF,<br><br>v.<br><br>CITY OF CEDAR RAPIDS, IOWA and TIFFANY O'DONNELL, Mayor of the City of Cedar Rapids, Iowa in her individual and official capacities.<br><br>    DEFENDANTS. | NO. 1:22-CV-66<br><br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Per the Court's request at the October 4, 2022 hearing in this matter, Defendants City of Cedar Rapids, Iowa, and Tiffany O'Donnell (collectively "Defendants") submit this Supplemental Brief for the purpose of addressing *E.L. by White v. Voluntary Interdistrict Choice Corp.*, 864 F.3d 932 (8th Cir. 2017) (the "*VICC* case").

The *VICC* case does not constitute any sort of binding authority as to the standard of review that applies to a classification based upon identity, such as the one in this case. The statement in the *VICC* case that "Gateway's policy also differentiates based upon race" is dicta, not a holding of the case that binds the Court in this matter. The holding of the *VICC* case is that the plaintiff did not have standing to bring a claim against VICC because her minor son's alleged injury was not fairly traceable to VICC. In order to reach that holding, the 8th Circuit only needed to determine that Gateway, or some other individual or entity other than VICC, caused the denial of the plaintiff's interdistrict transfer request; it did not need to, nor did it, analyze and determine the level of scrutiny to be applied to Gateway's policy, particularly since Gateway was not a party to the case. Moreover, it does not appear that either of the parties in the *VICC* case

argued that a lower level of scrutiny should apply to a classification based upon identity and

neither party had a motivation to do so – this would be Gateway's argument to make and, again,

Gateway was not a party to the *VICC* case. Based upon the foregoing, the dicta in the *VICC* case

should not govern the determination as to whether Cedar Rapids Municipal Code Section

74.02(A)(1)(a) ("Section 74.02(A)(1)(a)") contains a classification based upon race or a

classification based upon identity, or the level of scrutiny that applies to that classification.

The *VICC* case is, however, useful for another purpose – determining whether Plaintiff

has standing to bring the claims alleged in this matter. The *VICC* case lays out the three

elements that must be met for standing, with two of the elements being "a causal connection

between the injury and the conduct complained of" and "that the injury will be 'redressed by a

favorable decision.'" *E.L. by White v. Voluntary Interdistrict Choice Corp.*, 864 F.3d 932, 935

(8th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiff

cannot establish either of these elements because he has already been passed over multiple times

for appointment to the Cedar Rapids Citizen Review Board ("CRB") for reasons having nothing

to do with the fact Plaintiff does not identify as a person of color.

Defendants believe Plaintiff's counsel stated at the hearing in this matter on October 4,

2022, that the vacant seats on the CRB in January of 2022 needed to be filled with individuals

who identify as people of color in order to meet the requirements of Section 74.02(A)(1)(a). The

undersigned was uncertain as to the accuracy of this statement at the time it was made, but has

now confirmed that statement was inaccurate.[1] The CRB members appointed in January of 2022

needed to be individuals who work with underrepresented segments of the population in order to

meet the requirements of Cedar Rapids Municipal Code 74.02 and did not need to be individuals

who identify as people of color. Therefore, Plaintiff could have been appointed to the CRB in

---

[1] Defendants are not asserting or suggesting that Plaintiff's counsel intended to make an inaccurate statement.

January of 2022 if he met the requirement of working with underrepresented segments of the population, but he was not appointed. Plaintiff has provided no evidence to support the argument that a favorable decision in this matter will result in him being appointed to the CRB, despite being passed over on several occasions for reasons unrelated to the fact he does not identify as a person of color, nor can he establish the necessary causal connection between the alleged discriminatory ordinance provision and his failure to be appointed to the CRB in the past. Therefore, he lacks standing in this matter.

Finally, Defendants would like to direct the Court to language contained within the *Doe v. Blake School* case cited in Plaintiff's Supplemental Brief filed October 4, 2022. In that case, the Court noted with regard to the irreparable harm *Dataphase* factor, "[t]o succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain…speculative harm or the mere possibility of harm is insufficient." *Doe v. Blake Sch.,* 310 F. Supp. 3d 969, 983-84 (D. Minn. 2018) (citing U.S. Supreme Court and 8th Circuit cases). Under the facts presented to the Court in this matter, even if Plaintiff has standing to bring his claim, Plaintiff cannot establish he is certain to be harmed if the preliminary injunction is not granted. Therefore, Plaintiff's Motion for Preliminary Injunction should be denied.

/s/Patricia G. Kropf
Patricia G. Kropf       AT0009364
City Hall
101 First Street SE
Cedar Rapids, IA 52401
(319) 286-5025
(319) 286-5135 fax
Email: t.kropf@cedar-rapids.org

ATTORNEY FOR DEFENDANTS

Copies to:

**Alan R. Ostergren**
President and Chief Counsel
THE KIRKWOOD INSTITUTE, INC.
500 Locust Street, Suite 199
Des Moines, Iowa 50309

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 7, 2022.

By:       ___U.S. Mail      __FAX
          ___Hand Delivered  __Overnight Courier
          ___Certified Mail  _X_Other (EDMS)
          ___ CM/ECF      __Email

Signature  */s/ Wendy E. Howard*

Case 1:22-cv-00066-CJW-KEM    Document 19    Filed 10/07/22    Page 4 of 4